IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| ROBERT VAUGHN, | ) | |
| | ) | 4:10CV00031 |
|     Plaintiff | ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) | |
| | ) | |
| WAL-MART, | ) | By: Jackson L. Kiser |
| | ) | Senior United States District Judge |
|     Defendant | ) | |

Before me is Defendant Wal-Mart's Motion to Dismiss or, In the Alternative, For Summary Judgment. Mot. to Dismiss, Aug. 27, 2010, ECF No. 10. The Court conducted a hearing on this motion on November 8th, 2010. For the reasons set forth below, I will **GRANT** the Defendant's Motion to Dismiss.

## FACTS AND PROCEDURAL BACKGROUND

On July 23rd, 2010, the Plaintiff, Robert Vaughn, filed an Amended Complaint alleging that the Defendant, Wal-Mart, overlooked him for a promotion because of his age. Am. Compl. 4, Jul. 23, 2010, ECF No. 5 (overlooked for a promotion); Def.'s Br. in Supp. of Mot. to Dismiss Ex. A, Aug. 27, 2010, ECF No. 11 (charge of discrimination alleging age discrimination). The Amended Complaint states that the Plaintiff had been employed with the Defendant for nineteen years at the time of the discrimination, eleven years of which the Plaintiff spent in the Defendant's asset protection department. Am. Compl. 4. At the time he was passed over for the promotion, the Plaintiff had been doing the job to which he hoped to be promoted for five years and had received an award during that period. Id. The Defendant instead gave the promotion the Plaintiff was

1

seeking to a person with only two years of employment with the Defendant. Id. The person promoted had no experience in marketing or operations. Id.

The Plaintiff's Amended Complaint is missing some key allegations, specifically the type of discrimination being alleged, the Plaintiff's age, the age of the employee promoted in his stead, and the date of discrimination. That information had to be gleaned from the Equal Employment Opportunity Commission charge of discrimination, which the Defendant filed as an exhibit attached to its August 27th, 2010 brief in support of its alternative Motion to Dismiss or for Summary Judgment. Br. in Supp. of Mot. to Dismiss Ex. A, Aug. 27, 2010, ECF No. 11-1. According to the charge, the forty-two year old Plaintiff is alleging age discrimination. Id. The employee promoted at the Plaintiff's expense was "younger," but by how much the charge does not say. Id.; Korkosz v. Clark County, 379 Fed.Appx. 593, 595 (9th Cir. 2010) (age difference of three years and eleven months is insufficient to permit an inference of age discrimination); Ramlet v. E.F. Johnson Co., 507 F.3d 1149, 1154 (8th Cir. 2007) (five year age difference was too small to make a prima facie case of age discrimination). But see Grosjean v. First Energy Corp., 349 F.3d 332, 336 (6th Cir. 2003) ("[a]ge differences of ten years or more have generally been held to be sufficiently substantial" to make a prima facie case of age discrimination); DeBord v. Washington County School Bd., 340 F.Supp.2d 710, 714-15 (W.D.Va. 2004) (noting that the both the Fourth Circuit and its District Courts have generally followed the ten year benchmark). The date of discrimination reflected in the charge was April 25th, 2008 and the charge itself was signed by the Plaintiff and dated April 8th, 2009. Br. in Supp. of Mot. to Dismiss Ex. A. Three hundred forty-eight days elapsed between those two dates, which is forty-eight

days too long.  Venkatraman v. REI Sys., 417 F.3d 418, 420 (4th Cir. 2005) (plaintiffs in Virginia have three hundred days from the date of discrimination to file an EEOC charge).

On September 10th, 2010, two weeks after the Defendant filed its Motion to Dismiss, the Plaintiff filed a Response to the Defendant's motion.  Pl.'s Resp. to Mot. to Dismiss, Sept. 10, 2010, ECF No. 15.  In that Response, the Plaintiff asserted that "it is evident" that there "was an [a]dministrative error on the EEOC's part."  Id.  At the November 8th, 2010 hearing on the Motion to Dismiss or for Summary Judgment, the Plaintiff claimed that he filed his intake questionnaire on September 24th, 2008, which would be one hundred fifty two days from the date of discrimination.  The EEOC followed up with the Plaintiff by phone about two weeks later.  Id.  Two months after that phone call, the Plaintiff had heard nothing from the EEOC, which prompted him to call and inquire about the status of his case.  Id.  Upon calling, the Plaintiff learned that his case had been handed off to another caseworker because the first caseworker had retired.  Id.  At that point two hundred twenty-seven days had passed since the date of discrimination.  The Plaintiff has never mentioned the date he received his charge from the EEOC.  The right to sue letter, which the Plaintiff filed with his Amended Complaint, shows that the EEOC determined the Plaintiff had not timely filed his charge.  Am. Compl. Ex. A, Jul. 23, 2010, ECF No. 5-1.

On September 17th, 2010, one week after the Plaintiff filed his Response chronicling his dealings with the EEOC, the Defendant filed a Consent Motion for an Extension of Time to Reply.  Consent Mot. for Extension of Time to Reply, Sept. 17, 2010, ECF No. 16.  The basis of that motion, which this Court granted, was that neither

3

party had a copy of the Plaintiff's Equal Employment Opportunity Commission intake questionnaire, which was necessary for the Defendant to give an adequate reply to the Plaintiff's September 10th Response. Consent Mot. for Extension of Time to Reply 2; Order Granting Mot. for Extension of Time to Reply, Sept. 20, 2010, ECF No. 17. On October 20th, 2010, the Defendant replied to the Plaintiff's September 10th Response, but noted that it had not been able to obtain a copy of the intake questionnaire in the last month despite the Defendant's having filed a Freedom of Information Act request with the EEOC on September 14th, 2010. Def.'s Reply to Pl.'s Resp. to Mot. to Dismiss 3 fn.2, Oct. 20, 2010, ECF No. 19. The Defendant further averred that it was contacted by the EEOC and told that the EEOC no longer has a copy of the Plaintiff's intake questionnaire. Id. Astonishingly, the Plaintiff admitted at the November 8th hearing that he retained a copy of his intake questionnaire and had it the whole time.

## APPLICABLE LAW

Although the Court will be considering the charge of discrimination and the right to sue letter, the Defendant's motion need not be converted to a Motion for Summary Judgment. A motion to dismiss only needs to be converted to a summary judgment motion where the Court considers materials extrinsic to the complaint. Pueschel v. U.S., 369 F.3d 345, 354 fn.3 (4th Cir. 2004). Materials are extrinsic where they are not "integral to and explicitly relied on in the complaint." Bratcher v. Pharmaceutical Product Development, Inc., 545 F.Supp.2d 533, 538 fn.3 (E.D.N.C. 2008). The Plaintiff's Amended Complaint refers to and relies on both the charge and the right to sue letter, obviating a conversion of this motion. Am. Compl. 1-2. Although the EEOC intake questionnaire has been the subject of much speculation in this case, that document

was never produced. Indeed, the Court's ruling on the Defendant's Motion to Dismiss is based on the questionnaire's absence, not its contents.

A Motion to Dismiss tests the legal sufficiency of a claim. Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009). When considering a Motion to Dismiss, the Court must take all of the Plaintiff's assertions of fact as true, but need not give weight to the Plaintiff's conclusions of law. Id. (must accept Plaintiff's assertions of fact as true); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (Court need not accept legal conclusions). The burden is on a plaintiff alleging a violation of the Age Discrimination in Employment Act to demonstrate that he timely filed his charge of discrimination with the EEOC. United Black Firefighters of Norfolk v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979); Davis v. North Carolina Dep't of Correction, 48 F.3d 134, 140 (4th Cir. 1995). Failure to make that showing results in dismissal of the claim. United Black Firefighters, 604 F.2d at 847; Williams v. Enterprise Leasing Co. of Norfolk/Richmond, 911 F.Supp. 988, 993 (E.D.Va. 1995).

## ANALYSIS

I. The Plaintiff Clearly Overran the Three Hundred Day Deadline

It is uncontroverted that more than three hundred days elapsed between the date of discrimination and the date the charge was filed with the EEOC in this case. In Virginia, plaintiffs have three hundred days from the discrimination date to file a charge with the EEOC. Venkatraman, 417 F.3d at 420. The general rule is that a court may not hear a discrimination case where the plaintiff has overrun this three hundred day deadline. Lewis v. City of Chicago, 130 S.Ct. 2191, 2196-97 (2010). Furthermore, the burden is on a plaintiff alleging a violation of the Age Discrimination in Employment Act

5

to demonstrate that he timely filed his charge of discrimination with the EEOC. United Black Firefighters of Norfolk v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979); Davis v. North Carolina Dep't of Correction, 48 F.3d 134, 140 (4th Cir. 1995). Failure to make that showing can result in dismissal for the defendant. United Black Firefighters, 604 F.2d at 847; Williams v. Enterprise Leasing Co. of Norfolk/Richmond, 911 F.Supp. 988, 993 (E.D.Va. 1995).

Although the general rule is that a court may not entertain cases where the three hundred day time limit has elapsed, there are two important exceptions to this rule. The first exception is where the EEOC intake questionnaire requests "the EEOC to take whatever action is necessary to vindicate [the plaintiff's] rights" and thus counts as a charge of discrimination within the meaning of the ADEA. Federal Exp. Corp. v. Holowecki, 552 U.S. 389, 395 (2008). The second exception is where an equitable defense applies, such as estoppel or equitable tolling. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982). The Court will consider in turn whether either of these exceptions applies in the case at bar.

II. The Intake Questionnaire Was Not a "Charge"

The Plaintiff's Response to the Defendant's Motion to Dismiss appears to suggest that his intake questionnaire, which he mailed on September 24th, 2008, should be considered a charge of discrimination, not the formal charge he filed with the EEOC on April 8th, 2009. Pl.'s Resp. to Mot. to Dismiss. The Plaintiff completed the intake questionnaire one hundred fifty two days after the date he learned he was passed over for a promotion. It should be noted at the outset that an intake questionnaire is normally not considered a charge of discrimination. Holowecki, 552 U.S. at 405.

In Federal Exp. Corp. v. Holowecki the Supreme Court was asked to determine whether an EEOC intake questionnaire constituted a charge of discrimination for the purposes of the ADEA. Holowecki, 552 U.S. at 395. The Court held that the test for determining whether a filing is a charge is "whether the filing, taken as a whole, should be construed as a request by the [plaintiff] for the EEOC to take whatever action is necessary to vindicate [his] rights." Id. at 398. The Court concluded that the plaintiff in Holowecki had indeed filed a charge of discrimination by submitting his intake questionnaire because he attached a six page affidavit to the questionnaire asking the EEOC "to please force Federal Express to end their age discrimination." Id. at 405 (internal quotation marks omitted). The Court was careful to note, however, that if the plaintiff had submitted the intake questionnaire without the affidavit specifically requesting action, the result would likely have been different. Id. The Court based this observation on the fact that the EEOC intake questionnaire in use at the time the plaintiff in Holowecki filed the questionnaire was principally to enable the EEOC to determine whether it had jurisdiction over the charges. Id. Indeed, the instruction page at the beginning of the EEOC intake questionnaire in use now explicitly says, "**Filling out and brining us or sending us this questionnaire does not mean that you have filed a charge.** This questionnaire will help us look at your situation and figure out if you are covered by the laws we enforce." Br. in Supp. of Mot. to Dismiss Ex. A 2 (emphasis in the original).

If the Plaintiff asserts that his intake questionnaire was a charge under Holowecki, the burden to support that position lies with the Plaintiff. United Black Firefighters of Norfolk, 604 F.2d at 847 (it is incumbent on a plaintiff in an employment discrimination

7

case to allege that he timely filed an EEOC complaint); Davis, 48 F.3d at 140 (same). The Defendant's diligence in submitting a FOIA request for the intake questionnaire has been supererogatory. If a Plaintiff seeking to avail himself of Holowecki does not produce the intake questionnaire he claims was a charge, he has failed to carry his burden of showing timely filing.

Furthermore, in Holowecki the Supreme Court gave great deference to the EEOC's interpretation of its own regulations concerning what constitutes a charge. Holowecki, 552 U.S. at 396. In the case before the Court, the EEOC evidently did not consider the Plaintiff's intake questionnaire a charge because the right to sue letter indicates that the charge was not timely filed. Am. Compl. Ex. A. Because "the agency is entitled to…deference when it adopts a reasonable interpretation of regulations it has put in force," this Court will defer to the EEOC's determination that the Plaintiff did not timely file his charge of discrimination. Holowecki, 552 U.S. at 397.

III. The Plaintiff Is Not Entitled to Equitable Estoppel or Tolling

In an employment discrimination case, a plaintiff can avail himself of equitable tolling in two instances. The first applies where the employer "wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action." English v. Pabst Brewing Co., 828 F.2d 1047, 1049 (4th Cir. 1987). The second is where the EEOC or the state deferral agency mishandles the claim. Shempert v. Harwick Chemical Corp., 151 F.3d 793, 798 (8th Cir. 1998) (where the EEOC mishandles a claim, equitable tolling may be appropriate); Brown v. Crowe, 963 F.2d 895, 899-900 (6th Cir. 1992) (equitable tolling should be applied where, "thorough no fault of the plaintiff, the procedural errors of a state administrative agency would otherwise defeat the plaintiff's right to litigate his

case"); Gifford v. Atchison, Topeka and Santa Fe Ry. Co., 685 F.2d 1149, 1152 (9th Cir. 1982) (although dealing with laches, the Ninth Circuit noted that "if the EEOC retains control over a charge, a private plaintiff will not be charged with its mistakes"); Citicorp Person-to-Person Financial Corp. v. Brazell, 658 F.2d 232, 235 (4th Cir. 1981) (suggesting without deciding that one instance in which equitable tolling might be appropriate would be where the EEOC caused the late filing of the charge). Equitable estoppel is available in situations where the employer engages "in intentional misconduct to cause the plaintiff to miss the filing deadline." English, 828 F.2d at 1049. The Plaintiff in this case has not mentioned any such wrongdoing on the Defendant-employer's part and this Court finds no indication that anything of this nature occurred.

This leaves open the possibility of applying equitable tolling due to the EEOC mishandling the Plaintiff's claim. Shempert, 151 F.3d at 798. Although it is possible that the EEOC mishandled the Plaintiff's claim in this case, the Plaintiff has failed to flesh out any such allegation. The Plaintiff has never indicated to the Court the date on which he received his charge of discrimination from the EEOC. Although he refers to "an [a]dministrative error on the EEOC's part" in his September 10th, 2010 Response to the Motion to Dismiss, the Plaintiff has not made an equitable tolling argument in any of the documents he has filed with the Court. Pl.'s Resp. to Mot. to Dismiss. The Plaintiff insisted at the November 8th hearing that he "[did] everything possible to get the charges in" and that he "[has] documentation verifying that." To date, this documentation has not been filed with the Court and it would be improper for the Court to tell the Plaintiff what documents to file and which arguments to make. Weller v. Dep't of Social Services, 901

F.2d 387, 390-91 (4th Cir. 1990) (although pro se litigants should be given more leeway, the Court cannot act as their advocate).

Furthermore, the fact that the Plaintiff made one phone call to the EEOC after not hearing from the agency for two months is not enough for the Plaintiff to avail himself of equitable tolling. That phone call was made two hundred twenty-seven days after the date of discrimination. At that point, over two months remained before the deadline to file the charge, but the Plaintiff never followed up a second time as the deadline approached. See Jackson v. Homechoice, Inc., 368 F.3d 997, 998-99 (8th Cir. 2004) (plaintiff was not entitled to equitable tolling despite having made "numerous calls to the EEOC and…always [being] told his file was unavailable and the EEOC would get back to him" because the plaintiff did not show any misconduct by the EEOC). Equitable tolling is extraordinary relief in an employment discrimination case. English, 828 F.2d at 1049. Additionally, equity is only available to the vigilant and the diligent. Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151 (1984). Although the Plaintiff may have made some efforts, those efforts were not sufficiently extensive to warrant the application of equitable tolling.

## **CONCLUSION**

Because the Plaintiff overran his three hundred day deadline and neither of the two exceptions to the deadline applies, I will **GRANT** the Defendant's Motion to Dismiss.

Entered this 12th day of November, 2010.

s/Jackson L. Kiser  
Senior United States District Judge